# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CECIL W. FIKE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:11-CV-168 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Cecil Fike brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security. On April 10, 2012, this Court entered an Opinion and Order, reversing the Commissioner's denial of benefits and remanding the case for further proceedings. (Docket # 28-32.)

Fike has now filed a motion to recover attorney fees in the amount of $9,171.81 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 33, 37.) Although the Commissioner concedes that Fike is entitled to attorney fees as a prevailing party, it argues that the amount of the fee request is unreasonable, both in the number of hours expended and the requested hourly rate. (Docket # 36.) For the following reasons, Fike's motion for award of attorney's fees will be GRANTED.

## II. DISCUSSION

### A. *The Time Fike Spent Briefing This Case Was Reasonable*

Fike moves for a total of $9,171.81 for 50.5 hours of work performed by her two attorneys in federal court. (Docket # 33, 37.) The components of the fee request are as follows:

32 hours reading the administrative transcript, researching, and drafting the opening brief; 9.5 hours preparing the reply brief; and 9 hours prosecuting the case in federal court, including preparing and defending the fee application. (Pl.'s Reply 4; *see also* Pl.'s Appl. for Att'ys Fees Ex. C.)

Fike, as the fee applicant, has the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

In addition, "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original; internal quotation marks and citation omitted). "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434). "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id.* (quoting *Hensley*, 461 U.S. at 437).

Here, the Commissioner alleges that the amount of time Fike spent on this case was

2

excessive, considering that it involved only four issues and the transcript was just 443 pages in length. (Resp. 6-7.) In particular, the Commissioner criticizes Fike for spending 32 hours on the opening brief alone, unnecessarily researching medical and "basic and common Social Security law principles," citing cases from other district and circuit jurisdictions, including too many single-spaced quotations and 90 footnotes, and spending too much time revising the brief. (Resp. 6-7.)

Fike acknowledges that his opening brief was indeed thorough, incorporating various medical research and many legal citations. (Reply 4-5.) Yet he further emphasizes, and rightly so, that the opening brief was quite successful in securing a decision in his favor, as it necessitated the filing of only a 7-page reply brief. (Reply 4-5.) In fact, the Commissioner does not point to any specific arguments that Fike could have omitted from the opening brief.

Admittedly, the issues Fike challenged in this case—the ALJ's consideration of a treating physician's opinion and his credibility determination—are not particularly novel, but they are multi-faceted and require a close and careful analysis of the record. *See, e.g., Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002) (finding that the 43.3 hours plaintiff spent drafting briefs was reasonable where the central issue was the sufficiency of the ALJ's credibility assessment). "To explicate the errors in the ALJ's assessment, plaintiff's counsel had to address each category, find and point to contrary evidence in the record, dissect the logic of the ALJ's conclusion and, in some instances, demonstrate how the ALJ failed to comply with required Social Security regulations and rulings and caselaw." *Id*.

Moreover, Fike correctly observes that the total amount of time his attorneys spent on this case, 46.7 hours (exclusive of the 3.8 hours spend on the fee application) is well within the range

of hours that this Court has considered reasonable for social security appeals. *See, e.g., Snider v. Astrue*, No. 1:08-cv-53, 2009 WL 1766925, at *5 n.3 (N.D. Ind. June 23, 2009) (concluding that 54.50 hours of work on appeal was reasonable and in line with other Social Security cases in the circuit); *see also Dominguese*, 2002 WL 32318281, at *6 (collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable). Consequently, the 32 hours that Fike's attorneys spent on his opening brief, the 9.5 hours spent on the reply brief, and the 9 hours spent on preparing and defending the fee applications, will not be reduced.

## B. Fike's Requested Enhanced Hourly Rate Is Reasonable

The Commissioner also asserts that Fike's requested enhanced hourly rate, $181.62, is improper, contending that it should have been calculated with the cost of living increase for the "Midwest Urban" average of the Consumer Price Index, resulting in $177.68 hourly rate, rather than the "All Urban" index.[1] The Commissioner's argument on this front, however, is unpersuasive.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a

---

[1] In addition, the Commissioner argues that Fike has not met his burden of showing that an enhanced hourly rate is even justified. (Def.'s Resp. 2-3.) Indeed, if a claimant "points to inflation [he] still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011). Therefore, "[a]n inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id*. at 563-64.

Here, Fike simply represents that the requested rate of $181.62 is "far lower than the actual market rates for [his] lawyers." (Pl.'s Appl. for Att'ys Fees 3.) While this is a rather lackluster showing on Fike's part, the Court nonetheless finds it sufficient to justify a cost of living enhancement, considering that Fike's requested hourly rate is consistent with the enhanced hourly rate the undersigned Magistrate Judge has often awarded to one local, experienced social security litigator. *See, e.g.*, *Lewis v. Comm'r of Soc. Sec.*, 1:10-cv-171, 2011 WL 5025228 (N.D. Ind. Oct. 21, 2011) (awarding $10,403.75 in EAJA fees based on 59.45 hours of legal work at $175 per hour).

4

higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Here, Fike explains that the hourly rate of $181.62 is based on the change in the cost of living from March 1996, the base rate mentioned in the statutes, through November 2011, which is "when most of the substantive work in this case was done." (Pl.'s Appl. for Att'ys Fees 3 n.5.) He further explains that the increase in the cost of living was determined by taking the current index for "All Urban Consumer's (CPI-U), all items (Entire Country)" for November 2011, obtained from the Bureau of Labor Statistics, and divided that by the same index for March 1996 and multiplied it by $125 per hour.

The Commissioner contends, however, that Fike should have used the "Midwest Urban" average of the Consumer Price Index to calculate the hourly rate rather than the "All Urban" index, thereby measuring the increase in cost of living on a regional basis rather than a national basis. It explains that this would reduce Fike's requested hourly rate by $3.94, that is, from $181.62 to $177.68.

In that regard, it appears that district courts in the Seventh Circuit have permitted the use of either the national or regional index, provided that plaintiff's counsel justifies the increased rate that he seeks. *Compare Simms v. Astrue*, No. 2:08-cv-00094-PRC, 2009 WL 1659809, at *7 (N.D. Ind. June 12, 2009) (calculating the cost of living increase by using a regional index)*; and Fenn v. Bowen*, No. 85 C 10283, 1988 WL 124137, at *4 (N.D. Ill. Nov. 15, 1988) (same), *with Hampton v. Astrue*, No. 06-cv-477-DRH, 2008 WL 2090728, at *2 n.1 (S.D. Ill. May 15, 2008) (calculating the cost of living increase by using the "All Urban" index); *and Uphill v. Barnhart*, 271 F. Supp. 2d 1086, 1096-97 (E.D. Wis. 2003) (same). Indeed, as at least one other district court has noted, it is not particularly clear in this Circuit "[w]hich of the Consumer Price Indexes is more appropriate." *Simms*, 2009 WL 1659809, at *7.

5

Here, Fike adequately explains how the cost of living increase was calculated from the information obtained from the Bureau of Labor Statistics. (Pl.'s Appl. for Att'ys Fees 3, Ex. B); *see, e.g.*, *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) ("[Counsel] justifies the increase by applying the Bureau of Labor Statistics 'all items' Consumer Price Index ('CPI-U'), calculating the increase from 1996, when the maximum rate of $125 was set, to [the date the work was performed]. The CPI-U is an acceptable source for calculating an increase in the cost of living."). Furthermore, at least one experienced, local attorney representing claimants in social security appeals has consistently been using the "All Urban" index to compute the cost of living increase for EAJA fees before this Court for at least five years.[2] Moreover, in this instance the difference in the hourly rates amounts to only $3.94, a relatively nominal amount.

Therefore, considering that Fike has adequately justified his request for an increased hourly rate and the lack of clarity in the case law concerning the appropriate cost of living index, Fike's request for the award of attorney fees will be granted as calculated at $181.62 per hour.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Application for Attorneys' Fees (Docket # 33) in the amount of $9,171.81 is GRANTED. The EAJA award is payable to Fike; however, in the event the Commissioner verifies that all due and lawful offsets for indebtedness that Fike may owe to the United States have been accounted for, the Commissioner shall pay the award to Attorney Forbes pursuant to the assignment between Forbes and Fike. (Opening Br. Ex. A.) Attorney

---

[2] *See, e.g.*, Mem. in Supp. of Mot. for Award of Att'ys Fees, *Landez v. Astrue*, No. 1:11-cv-246 (N.D. Ind. Aug. 2, 2012); Mem. in Supp. of Mot. for Award of Att'ys Fees, *Gaskill v. Astrue*, No. 1:08-cv-308 (N.D. Ind. Mar. 1, 2010); Mem. in Supp. of Mot. for Award of Att'ys Fees, *Gray v. Astrue*, No. 1:08-cv-167 (N.D. Ind. July 9, 2009); Mem. in Supp. of Mot. for Award of Att'ys Fees, *Owsley v. Astrue*, No. 1:07-cv-73 (N.D. Ind. Mar. 19, 2008); Mem. in Supp. of Mot. for Award of Att'ys Fees, *Grostefon v. Astrue*, No. 1:05-cv-135 (N.D. Ind. Mar. 21, 2007).

Forbes shall then distribute the appropriate portion of such award to Attorney Fouché. (*See* Reply 7-8.)

Enter for the 23rd day of August, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge